IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| **WESTFIELD INSURANCE COMPANY,** )<br>)<br>**Plaintiff,** )<br>)<br>**vs.** )<br>)<br>**DAVID HONAKER,** )<br>)<br>**Defendant.** ) | **CASE NO. 5:18-CV-01206** |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Plaintiff's ***Motion for Sanctions*** and ***Memorandum in Support of Motion for Sanctions*** [ECF Nos. 19, 20].

On October 5, 2018, Plaintiff served its discovery requests upon Defendant, however, to date, Defendant has failed and refused to respond to same. On January 31, 2019, this Court ordered Defendant to respond to Plaintiff's discovery requests and granted Plaintiff's Motion to Compel and Motion to Deem Admitted Requests for Admission. [ECF No. 16] Defendant has failed to comply with this Court's Order. Therefore, Plaintiff requests sanctions pursuant to Rule 37(b) of the Federal Rules of Civil Procedure, specifically, Plaintiff asks this Court strike Defendant's Answer.

**Pertinent Law**

FRCP Rule 37(b)(2)(A) vests courts with a variety of sanctions when a party fails to obey an order to provide or permit discovery, including but not limited to striking pleadings in whole or in part. The Fourth Circuit has instructed district courts to apply a four-part test when determining appropriate sanctions under Rule 37(b): (1) whether the non-complying party acted in bad faith,

(2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective. Young Again Prods., Inc. v. Acord, 459 Fed. Appx. 294, 301 (4th Cir. 2011); Belk v. Charlotte–Mecklenburg Bd. of Educ., 269 F.3d 305, 348 (4th Cir. 2001).

## Discussion

The undersigned is very familiar with Plaintiff's difficulties in obtaining discovery responses from this Defendant. Indeed, Defendant's own counsel has had no success in getting his client to cooperate in this action for several months and has represented that he warned Defendant of the repercussions of failing to abide by the rules of discovery. Further, counsel has indicated that Defendant refuses and avoids contact, thus prompting him to file his motion to withdraw. [ECF No. 18][1] In short, there has been no evidence that Defendant will cooperate or participate in this litigation or comply with any further orders from this Court. Therefore, in applying the four-part test promulgated by the Fourth Circuit, it is clear that no less drastic sanctions are available against this Defendant, accordingly, striking Defendant's Answer herein is appropriate under the circumstances. See, e.g., Commerce and Industry Ins. Co. v. Newhall Contracting, Inc., 2014 WL 7399084 (S.D.W.Va. Dec. 29, 2014) (J. Johnston)

## Recommendations for Disposition

For the reasons set forth above, it is hereby respectfully **PROPOSED** that the District Court confirm and accept the foregoing findings and **RECOMMENDED** that the District Court **GRANT** Plaintiff's *Motion for Sanctions* (ECF No. 19) and strike Defendant's Answer herein.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Irene C. Berger, United States District

---

[1] On March 20, 2019, this Court granted Michael E. Froble's Motion to Withdraw as Counsel for Defendant. [ECF No. 21]

Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (mailing/service) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 106 S.Ct. 466, 475, 88 L.E.2d 435 (1985), reh'g denied, 474 U.S. 1111, 106 S.Ct. 899, 88 L.E.2d 933 (1986); Wright v. Collins, 766 F.2d 841 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.), cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.E.2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk of this Court is directed to file this Proposed Findings and Recommendation and to send a copy of same to counsel of record and to any unrepresented party.

**ENTER: March 20, 2019**.

_____
Omar J. Aboulhosn
United States Magistrate Judge