# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# BECKLEY DIVISION

WESTFIELD INSURANCE COMPANY,

        Plaintiff,

v.                                         CIVIL ACTION NO. 5:18-cv-01206

DAVID HONAKER,

        Defendant.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed the *Proposed Findings and Recommendation* (PF&R) (Document 22), in which Magistrate Judge Omar J. Aboulhosn recommends that the Defendant's Answer in this matter be stricken as a sanction for consistent and repeated failures to respond to discovery requests.[1] The Court has further reviewed the Defendant's letter-form response (Document 24) and *Westfield Insurance Company's Reply to Defendant's Letter-Form Response to Magistrate's Proposed Findings and Recommendation* (Document 25). In addition, the Court has reviewed *Westfield Insurance Company's Motion for Summary Judgment* (Document 26) and *Plaintiff Westfield Insurance Company's Memorandum of Law in Support of Motion for Summary Judgment* (Document 27). For the reasons stated herein, the Court finds that the PF&R should be adopted, the motion for summary judgment granted, and judgment entered in favor of the Plaintiff.

---

1 Pursuant to the Court's *Standing Order* (Document 3), discovery disputes were referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge.

The Plaintiff, Westfield Insurance Company, initiated this action with *Westfield Insurance Company's Complaint for Declaratory Relief* (Document 1) filed on August 3, 2018. It asserts that Defendant David Honaker submitted an insurance claim for a fire loss at a property located in Raleigh County, West Virginia. Mr. Honaker represented that he had transferred the property but retained a life estate interest in the property and maintained insurance for the property. Westfield asserts that Mr. Honaker possessed the only keys to the dwelling, that the dwelling was secured at the time of the fire with no sign of forced entry, and that the fire was caused by the ignition of accelerants in the living room. It further alleges that Mr. Honaker had submitted three previous claims for the total destruction of insured properties as a result of fires. Westfield contends that Mr. Honaker intentionally concealed or misrepresented material facts, engaged in fraudulent conduct, neglected to use all reasonable means to preserve and protect the property, and that the destruction of the property was the result of his intentional act. Therefore, it argues that policy exclusions apply and Mr. Honaker is not entitled to coverage related to the fire damage at the property.

Westfield requests the following declaratory relief:

1. That the Westfield Policy provides no coverage for Defendant David Honaker for damages arising from the fire loss of April 12, 2018, at the Insured Property;

2. That Westfield has no duty **or** obligation to make payment under the Westfield Policy to Defendant David Honaker in connection with the fire loss of April 12, 2018, at the Insured Property;

3. That Westfield is entitled to recover its reasonable attorney fees and expenses associated with this action for declaratory relief, and to such further and additional relief as the Court may deem just and proper.

(Compl. at 13.)

Mr. Honaker was initially represented by counsel, but his attorney filed a motion to withdraw on February 2, 2019, as a result of his failure to cooperate with his attorney's efforts to respond to discovery requests and provide effective representation, as well as his failure to pay any of his attorney's fees or expenses. All pro-se filings will be construed liberally. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *Loe v. Armistead,* 582 F.2d 1291, 1295 (4th Cir.1978).

On January 28, 2019, Westfield filed a motion to compel responses to its first set of interrogatories and requests for production of documents and a motion to deem requests for admission to be admitted. On January 31, Judge Aboulhosn granted both motions and ordered the Defendant to respond to the Plaintiff's discovery requests within twenty (20) days. In light of the difficulties between Mr. Honaker and his counsel, Judge Aboulhosn directed Mr. Honaker's attorney to forward the order to the Defendant at his last known mailing and physical address(es).

On March 14, 2019, Westfield filed a motion for sanctions based on Mr. Honaker's continued refusal to respond to the interrogatories and requests for production of discovery, despite the order compelling him to do so. Judge Aboulhosn entered his PF&R on March 20, 2019, recommending that the motion for sanctions be granted and that Mr. Honaker's answer to the complaint be stricken. Mr. Honaker filed a letter-form response, stating that he does not "understand any of this" but is "happy to cooperate any way [he] can." (Def.'s Resp.) He did not otherwise address the findings set forth in the PF&R. In its reply brief, Westfield notes that he still had not made any attempt to respond to its initial discovery requests or comply with the Court's order granting the motion to compel.

On June 19, 2019, Westfield filed a motion for summary judgment, relying in part of the matters deemed admitted as a result of Mr. Honaker's failure to respond to the requests for

admission, including "that the fire was intentionally set at a time when he was the only person with access to the property." (Pl.'s Mem. in Supp. of Summ. J. at 12.) It contends that the evidence clearly establishes that Mr. Honaker is not entitled to coverage under its policy. On July 31, 2019, the Court entered an order informing the Defendant that he had the right to respond to the motion for summary judgment, requiring that any response be filed by August 9, 2019, and warning him "that the absence of a substantive response to the Plaintiff's motion will result in the motion being granted, the [PF&R] being adopted, the Defendant's answer being stricken, and summary judgment being entered in favor of the Plaintiff." (Order, Document 28, at 2.) The Defendant did not respond to the motion for summary judgment.

Having carefully considered the Defendant's refusal to cooperate with the discovery process, lack of substantive objections to the PF&R, and failure to oppose the motion for summary judgment, the Court finds that judgment must be entered in favor of the Plaintiff. District courts have wide discretion to impose sanctions for discovery violations, though that discretion is narrower where the sanction is default judgment "because the district court's desire to enforce its discovery orders is confronted head-on by the party's rights to a trial by jury and a fair day in court." *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989). Courts are to consider the following factors: "(1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions." *Id*.

As an initial matter, Mr. Honaker did not file objections pointing to a specific error in the PF&R, and so the Court need not review the factual and legal conclusions contained therein. The Court has provided de novo review to ensure that the harsh sanction of striking the Defendant's answer is justified. Mr. Honaker's failure (continuing to the present date) to comply with discovery procedures and court orders compelling him to do so warrants the sanction of striking his answer. The deadline for completion of discovery expired without the Defendant making any effort to respond to the Plaintiff's initial discovery requests. His unwillingness to cooperate led to his attorney's withdrawal and continued despite previous motions to compel and an order compelling his response. His refusal to cooperate from the beginning of the case deprives the Plaintiff of even the most basic information regarding potential witnesses, exhibits, and evidence that he might wish to offer. The continuous blanket refusal to engage with the discovery or litigation process demonstrates that no lesser sanction would be effective. Therefore, the Court finds that the PF&R should be adopted.

Even absent the sanction of striking the Defendant's answer, Westfield has put forth evidence establishing that it is entitled to judgment as a matter of law, and Mr. Honaker has failed to offer any evidence that would permit a jury to find in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-256 (1986). Westfield has produced evidence that the fire that destroyed the home was intentionally set, that Mr. Honaker was the only person with access to the home to set the fire, and that its policy excludes coverage for damage caused by an intentional act of the policy holder. The Court warned Mr. Honaker that failure to respond would result in judgment against him. Accordingly, the Court finds that Westfield's motion for summary judgment should be granted.

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the *Proposed Findings and Recommendation* (Document 22) be **ADOPTED**, that the Defendant's letter-form response (Document 24), to the extent it could be construed to contain objections, be **OVERRULED**, that *Westfield Insurance Company's Motion for Sanctions* (Document 19) be **GRANTED**, and that *Defendant, David Honaker's Response to Westfield Insurance Company's Complaint for Declaratory Relief* (Document 5) be **STRICKEN**. The Court further **ORDERS** that *Westfield Insurance Company's Motion for Summary Judgment* (Document 26) be **GRANTED**. The Court **DECLARES** as follows:

1. That the Westfield Policy provides no coverage for Defendant David Honaker for damages arising from the fire loss of April 12, 2018, at the Insured Property;

2. That Westfield has no duty **or** obligation to make payment under the Westfield Policy to Defendant David Honaker in connection with the fire loss of April 12, 2018, at the Insured Property;

3. That Westfield is entitled to recover its reasonable attorney fees and expenses associated with this action for declaratory relief, and to such further and additional relief as the Court may deem just and proper.

Should the Plaintiff continue to seek attorney fees or expenses, the Court **ORDERS** that it file a motion documenting the amounts sought no later than **September 6, 2019**.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to Judge Aboulhosn, to counsel of record and to any unrepresented party.

ENTER: August 23, 2019

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA