IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

**WESTFIELD INSURANCE COMPANY,**

    **Plaintiff,**

CASE NO. 5:18-CV-01206

    vs.

**DAVID HONAKER,**

    **Defendant.**

## PROPOSED FINDINGS AND RECOMMENDATION

This case was initiated by Plaintiff seeking declaratory judgment that its policy did not provide insurance coverage for Defendant's fire loss claim. By Order entered November 21, 2019 (ECF No. 37), this case was referred to the undersigned United States Magistrate Judge to consider the pleadings and evidence, and to submit proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(A). Presently pending before the Court are Plaintiff's ***Petition for Award of Attorney's Fees and Expenses*** (ECF No. 32) filed on September 6, 2019, and Defendant's Letter-Form motion (ECF No. 34) filed on October 2, 2019, which has been construed as a motion to set aside the August 23, 2019 Judgment Order entered in favor of Plaintiff (ECF No. 30).[1]

Having fully considered the record and the arguments of the parties, the undersigned respectfully **RECOMMENDS** that the United States District Judge **AWARD** Plaintiff's attorney's fees and costs (ECF No. 32), and **DENY** Defendant's request to set aside the judgment in favor of Plaintiff (ECF No. 34) for the reasons stated *infra*.

---

[1] On September 20, 2019, the Court notified Defendant, *pro se*, that he had a right to file a response to Plaintiff's Petition and to submit evidence and argument supporting his position with regard to the award of attorney's fees. (ECF No. 33)

1

**Procedural History**

On August 3, 2018, Plaintiff filed its Complaint for Declaratory Relief to which Defendant, by counsel[2], filed an answer. Following the entry of the Scheduling Order, on October 29, 2018 Plaintiff submitted its First Set of Interrogatories, Requests for Admissions, and Requests for Production of Documents. (ECF No. 10) On January 28, 2019, Plaintiff filed a Motion to Compel Full and Complete Answers and Responses to its initial discovery requests as well as a Motion to Deem Admitted Request for Admissions. (ECF Nos. 12, 13) On January 31, 2019, the undersigned granted both Motions and directed Defendant to submit his discovery responses in twenty days from the date of the Order; no award for sanctions was ordered at the time as Plaintiff's counsel made no request for same, including attorney's fees or costs, in prosecuting the Motions. (ECF No. 16)

On March 14, 2019, Plaintiff filed its Motion for Sanctions pursuant to Rule 37(b) of the Federal Rules of Civil Procedure because Defendant refused to respond to discovery requests. (ECF No. 19) On March 20, 2019, the undersigned submitted a Proposed Findings and Recommendation to the Court that Plaintiff's Motion for Sanctions be granted and that Defendant's answer be stricken. (ECF No. 22) On April 10, 2019, Defendant, proceeding *pro se*, submitted his Letter-Form response to the Proposed Findings and Recommendation (ECF No. 24), to which Plaintiff filed its Reply (ECF No. 25).

On June 19, 2019, Plaintiff filed its Motion for Summary Judgment. (ECF No. 26) On July 31, 2019, the Court notified Defendant of his right to file a response to Plaintiff's Motion and directed that Defendant file any response no later than August 9, 2019. (ECF No. 28) Defendant

---

[2] Subsequently, on February 5, 2019, Defendant's counsel filed a Motion to Withdraw due to Defendant's failure to cooperate and to communicate with counsel as well as having failed to reimburse or pay any fees to his counsel for his representation. (ECF No. 18) This Court granted the Motion to Withdraw on March 20, 2019. (ECF No. 21)

did not file a response to Plaintiff's Motion for Summary Judgment. On August 23, 2019, the Court adopted the undersigned's Proposed Findings and Recommendation, granted Plaintiff's Motion for Sanctions, struck Defendant's answer to the Complaint, and granted Plaintiff's Motion for Summary Judgment. (ECF No. 29) Additionally, the Court declared that Plaintiff was entitled to recover its reasonable attorney fees and expenses associated with this action for declaratory relief. (Id.)

### Relevant Law

When considering a motion for attorneys' fees, the Supreme Court has instructed that "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). The Court's assessment of the requested award should include consideration of hours which were spent excessively, redundantly, or unnecessarily. Id. at 434. The starting calculation is referred to as the lodestar amount. Grissom v. The Mills Corp., 549 F.3d 313 (4th Cir. 2008). There are twelve factors that the Court must consider on the calculation of reasonable attorneys' fees:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

Grissom, 549 F.3d at 321. Upon completion of this lodestar calculation, a "court then should subtract fees for hours spent on unsuccessful claims unrelated to successful ones." Grissom, 549 F.3d at 321 (quoting Johnson v. City of Aiken, 278 F.3d 333, 337 (4th Cir. 2002)). "Once the court

has subtracted the fees incurred for unsuccessful, unrelated claims, it then awards some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff." Johnson, 278 F.3d at 337.

### The Argument for Attorney's Fees and Expenses

As an initial matter, the Court is well aware of the issues surrounding Defendant's failure to cooperate with his former counsel as well as his failure to abide by this Court's prior orders concerning his discovery obligations and had outlined same in the order entered on January 31, 2019 (ECF No. 16), therefore, those matters need not be rehashed here.

In its ***Petition for Award of Attorney's Fees and Expenses***, Plaintiff argues that it is entitled to an award of its fees and costs in the amount of $14,885.60 as a result of Defendant's repeated failures to respond to discovery and to this Court's orders; Plaintiff points out that Defendant failed to present any evidence to dispute Plaintiff's allegation that Defendant intentionally set the fire that destroyed the property to which he was the only one who had access. (ECF No. 32) Plaintiff submits the billing records and detailed time entries reflecting the expenses incurred in pursuing this declaratory action as well as an affidavit of attorney Brent Kesner certifying the records reflect the hours worked and the tasks completed in connection to prosecuting this action. Although Plaintiff's counsel has decades of experience in litigating insurance coverage disputes before this Court, the West Virginia Supreme Court of Appeals as well as the United States Court of Appeals for the Fourth Circuit, and has also been recognized in the U.S. News and World Report – Best Lawyers, Plaintiff's counsel's and staff's hourly rate is actually very low compared with the prevailing market rates recognized by this Court. See Johnson v. Ford Motor Co., No. 3:13-cv-6529, 2017 WL 6614101 (S.D.W. Va. Dec. 27, 2017), *reconsideration denied in part*, 2018 WL 1512376 (S.D.W. Va. Mar. 26, 2018).

In response, Defendant asserts that he has an eighth-grade education and did not understand what summary judgment was. (ECF No. 34) He states he does not have a lawyer and did not file a claim for fire loss, "I only reported it." He further states that after Plaintiff "hounded" him, he asked his former attorney what was going on and that his attorney stated he would take care of everything. He asserts that his lawyer "dropp[ed]" him after determining Defendant was "on fixed income social security and there was no money." He asks for relief from attorney's fees because he "can barely make ends meet now[.]"

Defendant also states that he thought he was to appear before the Court to explain his side and had "no idea there would be any jud[g]ement without a hearing." He states that he is 73 years old and in poor health and is unable to get a part time job.

In reply, Plaintiff points out that Defendant does not provide any explanation for his failure to comply with this Court's orders or to cooperate or respond to discovery. (ECF No. 35) None of the matters raised in Defendant's letter motion are relevant at this point in the case and his age and alleged inability to pay do not refute the fact that Plaintiff incurred the fees and costs solely due to Defendant's conduct. Defendant's request to set aside the judgment is untimely and beyond the scope of the issues currently before this Court.

## Discussion

In support of its request for attorney fees and related expenses, Plaintiff attached two exhibits to its Petition:

Exhibit A concerns fees and expenses generated by counsel Brent Kesner and paralegal Deborah Crouch associated with the initial investigation into the fire loss claim submitted by Defendant, the preparation and filing of the declaratory judgment action, through the preparation of the memorandum in support of sanctions, dating from May 2, 2018 through March 12, 2019,

totaling $10,703.05 (ECF No. 32-1 at 1-19); fees and expenses generated by counsel Brent Kesner, counsel Ernest Hentschel, and paralegal Deborah Crouch during these proceedings dating from March 13, 2019 through June 19, 2019, totaling $3,445.85 (Id. at 20-25); and fees and expenses generated by counsel Brent Kesner, counsel Ernest Hentschel, and paralegal Deborah Crouch during these proceedings dating from July 1, 2019 through September 6, 2019, totaling $736.70 (Id. at 28-28). Plaintiff provides the dates, hourly rates, hours expended and the identities of counsel and paralegal performing each work entry. Plaintiff has provided the dates and descriptions concerning expenses for photocopies, postage, mileage, private investigator and court reporter services as "disbursements" during the investigation, preparation for the declaratory relief action, and the litigation that followed. Plaintiff has clearly indicated that the hourly rate billed for counsel is $160.00 and for paralegal services, $80.00.

Exhibit B is the Affidavit of Brent Kesner affirming that the hourly rates of counsel and paralegal services his firm provided in prosecuting this case are customary and substantially lower than the ranges of hourly rates charged by attorneys with comparable degree and skill in this District, as well as his and his partner's substantial experience in litigating matters involving insurance coverage, insurance bad faith and personal injury law. (Id. at 29-31)

As an initial matter, there is no question that not only was Plaintiff successful prosecuting its claim, but also, Plaintiff's success is the direct result of Defendant's own conduct, starting from the moment he "reported" the fire loss claim. (ECF No. 34 at 1) It is not lost on the undersigned that from the onset, any discovery in this action was at a standstill due to Defendant's continued failure to cooperate with his attorney and with this Court's clear directives. Significantly, this Court acknowledged that Plaintiff "produced evidence that the fire that destroyed the home was intentionally set, [and] that [Defendant] was the only person with access to the home to set the

fire" (See ECF No. 29 at 5), none of which was rebutted by Defendant because he failed to cooperate in this litigation, despite this Court's orders and repeated warnings.

After review of the itemized accounting of the services and expenses rendered in investigating Defendant's fire loss claim and the resulting litigation, Mr. Kesner appears to have performed the majority of all work involved in the initial investigation and in this litigation, however, there is no indication that the work performed by his partner, Mr. Hentschel, or his paralegal, Ms. Crouch, are in any way excessive, redundant, or unnecessary. Hensley, 461 U.S. at 434. The hourly rates for counsel and paralegal work incurred in this matter are indeed on the lower end, but well within the range, of the prevailing hourly rates recognized by this Court.[3] It is noteworthy that the rates submitted by Plaintiff are unchallenged. In short, this Court has been provided a bill for fees and expenses that appears reasonable.

**Recommendations for Disposition**

For the reasons set forth above, it is hereby respectfully **PROPOSED** that the District Court confirm and accept the foregoing findings and **RECOMMENDED** that the District Court **AWARD** Plaintiff the attorney's fees and expenses incurred in investigating and in prosecuting this declaratory judgment action as set forth in its ***Petition*** (ECF No. 32), and **DENY** Defendant's Letter-Form motion seeking relief from the Judgment entered by this Court and to the extent that Defendant seeks relief from Plaintiff's award for attorney's fees and expenses (ECF No. 34).

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Frank W. Volk, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules

---

[3] See Johnson v. Ford Motor Co., No. 3:13-cv-06529, 2018 WL 1440833, at *5-6 (S.D.W.Va. Mar. 22, 2018) (after review of numerous cases within this District concluding prevailing hourly rates in this jurisdiction range from $150 to $550 for attorney services and between $100 and $145 for paralegal services).

6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (mailing/service) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 106 S.Ct. 466, 475, 88 L.E.2d 435 (1985), reh'g denied, 474 U.S. 1111, 106 S.Ct. 899, 88 L.E.2d 933 (1986); Wright v. Collins, 766 F.2d 841 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.), cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.E.2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Volk, and this Magistrate Judge.

The Clerk of this Court is directed to file this Proposed Findings and Recommendation and to send a copy of same to counsel of record.

ENTER: November 25, 2019.

_____
Omar J. Aboulhosn
United States Magistrate Judge